IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. )        CR NO. 2:15cr340-CEM-SRW
)
ALTA LEE JUNIOR WILLIAMS )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on defendant's motion to suppress (Doc. 39), which is set for an evidentiary hearing before the undersigned on January 11, 2016. Doc. 52. Defendant argues in the motion, *inter alia*, that all evidence obtained as a result of the search warrant issued by Magistrate Judge Charles S. Coody is due to be suppressed on the basis that the search warrant application omitted material facts. See Doc. 39 at 2, 6-8, 15-17, 19. These facts are: (1) that when Mr. Williams was arrested and provided his phone number, he was not advised of his Miranda rights; (2) that prior to filing the affidavit and search warrant application, officials had already searched defendant's phone and sent two messages from the phone, purporting to be defendant; and (3) that the DEA monitored defendant's phone after he was booked. Id. at 16. Defendant contends that in light of these material omissions, Judge Coody was deprived of the opportunity to make an informed probable cause determination. Id. at 15-17. He requests an evidentiary hearing. Id. at 1.

Although defendant does not characterize it as such, his request is for a Franks[1]

---

[1] Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

hearing as to this issue. The government maintains that defendant is not entitled to a hearing

on this claim on the ground that he does not meet the Franks hearing standard. Doc. 50 at 31

n. 5.

The Supreme Court has indicated that "[t]here is ... a presumption of validity with

respect to the affidavit supporting the search warrant." Franks, 438 U.S. at 171, 98 S.Ct. at

2684.  To be entitled to a Franks hearing, a defendant "must make a 'substantial preliminary

showing' establishing: (1) that the affiant deliberately or recklessly included a false

statement, or failed to include material information, in the warrant affidavit; and (2) that the

allegedly false statement or omission was necessary to the finding of probable cause." U.S.

v. Flowers, 531 Fed. Appx. 975, 980 (11th Cir. 2013)(quoting Franks, 438 U.S. at 155-156).

"Allegations of negligence or mistake are insufficient." Franks, 438 U.S. at 171, 98 S.Ct. at

2684. "Moreover, the defendant's attack 'must be more than conclusory' and the allegations

of deliberate falsehood or reckless disregard for the truth 'must be accompanied by an offer

of proof.'" Flowers, 531 Fed. Appx. at 980 (quoting Franks, 438 U.S. at 171, 98 S.Ct. at

2684).  As examples of supporting proof, the Franks court identifies "affidavits or sworn or

otherwise reliable statements of witnesses," apart from the warrant affidavit.  Franks, 438

U.S. at 171, 98 S.Ct. at 2684; see also United States v. Arbolaez, 450 F.3d 1283, 1293 (11th

Cir. 2006)(concluding that defendant did not satisfy the substantiality requirement for a

Franks hearing because he relied on hearsay statements and did not submit affidavits or other

sworn statements). If affidavits or sworn or otherwise reliable statements of witnesses are not

furnished, "their absence should be satisfactorily explained." Arbolaez, 450 F.3d at 1294 (internal citations and quotations omitted).

Notwithstanding an acceptable offer of proof, a defendant is still not entitled to a Franks hearing if there is no showing that the omitted facts would have precluded a finding of probable cause. "Even intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause." United States v. Sarras, 575 F.3d 1191, 1218 (11th Cir. 2009)(quotation marks and brackets omitted).

Defendant has failed to meet his burden under Franks in this case. Although he refers in his motion to two "exhibits," he apparently failed to attach them to his motion. The exhibits are described in the body of the motion as follows: Exhibit 1 – "Affidavit in Support of an Application for a Search Warrant"; Exhibit 2 – "DEA Form 6, dated December 16, 2015." Doc. 39 at 2 n. 1; 7 n. 32. The warrant affidavit self-evidently does not constitute proof in support of the allegation[2] that the affiant deliberately or recklessly failed to include material information in that affidavit; at most, it may establish an omission, but without evidence as to why it occurred. Franks, 438 U.S. at 171, 98 S.Ct. at 2684. For its part, a DEA Form 6 typically is simply a report of investigation; the court cannot conclude on the evidence before it that this form, even if it had been attached, would constitute an

---

[2] The motion to suppress, in fact, does not specifically allege that the affiant deliberately or recklessly failed to include material information in the warrant affidavit. See Doc. 39 at 2, 6-8, 15-17.

"[a]ffidavit[] or sworn or otherwise reliable statement[] of [a] witness" which might proffer the required proof. Id. No other affidavits or sworn or otherwise reliable statements of witnesses are cited by defendant, and he does not satisfactorily explain their absence. Because defendant does not meet this threshold burden, it is unnecessary to reach the question of whether he has shown that the omitted facts would have precluded a finding of probable cause.

Accordingly, defendant is not entitled to a Franks hearing in this case, and the affidavit supporting the search warrant must be presumed to be valid. Franks, 438 U.S. at 171, 98 S.Ct. at 2684.

Thus, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to suppress (Doc. 39) be DENIED to the extent that it requests that all records obtained as a result of the search warrant be excluded at defendant's trial because the search warrant failed to contain material facts which should have been presented to the neutral and detached magistrate. Doc. 39 at 19.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before January 22, 2016. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall e the party from a de novo determination by the District Court of issues covered in the report and  shall  bar  the party from attacking on appeal factual findings in the report  accepted  or  adopted  by the District Court except upon grounds of plain  error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th  Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir.  1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981,  en  banc), adopting as binding precedent all of the decisions of the former  Fifth  Circuit  handed  down  prior  to  the  close  of business on September 30, 1981.

Done, this 8th day of January, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE